May I please the court? Good morning, your honors. Elizabeth Givens on behalf of the appellant, the Association for Los Angeles Deputy Sheriffs. Judge Pergerson, I'm sorry to tell you that I bring to you another system which is broken and that is the Los Angeles County Civil Service Commission system of hearings for employees who have been disciplined. And this case brings a somewhat unusual issue, which is what are the parameters and requirements for post deprivation hearings? There's a lot of litigation, a lot of court decisions concerning the due process parameters for pre-deprivation hearings. And every single one of those cases says pre-deprivation hearings can be short, they can be minimal, they don't have to have a lot of process to them, all because we have a full evidentiary post deprivation hearing. The whole reason that we get very little process before the disciplinary action is taken is because we have the protection of a full evidentiary hearing afterwards. Could I ask you to focus, first of all, on the two officers who retired before they got their hearing? I think that was Wilkinson and Scher. And my first question would be, can you walk through the procedural steps that they went through and how that played out? Yes. Both of those deputies were initially filed on for criminal charges. In Scher's case, he went to trial and was acquitted by a jury. In Wilkinson's case, the district attorney dismissed all of the charges against him. During the period that the felony charges were filed, they were suspended without pay. After the criminal charges were filed, were dismissed, either by jury or by the DA, then the department, the Scher's department, kept them suspended without pay for another 30 days. They kept them then on relieved of duty status, which means they take their badge and gun, they're in a civilian position, a non-sworn position, for close to another year after the criminal case was completed. So they were suspended without pay even after the charges were dropped for another year, did you say? No, for a month. For 30 days. And then were they reinstated? Then they were put back on pay. So they were reinstated. And then they were discharged at some later point. About a year later. Okay. Then they were discharged. Okay. And then they appealed the discharge, correct? Correct. Which was consolidated with the suspension. But the discharge appeal is not before us, it's just the suspension? Or are you also... No, it's just the suspension appeal that's before you. And so then, so they were discharged, they appealed that, but before their appeal was heard, then they retired, correct? They were given service-connected disability retirements, yes. Okay. Now, did they initially bring, they were told that they couldn't, they weren't going to be given a hearing on their appeal. Correct. Correct. Because they had retired. And then did they initially bring a, file a writ of mandamus in the state court? Wilkinson did. Scheer did not, because we filed this case within, pardon me, 90 days. Excuse me. Within 90 days of the decision in the court of appeal. Now, was there any... I mean the administrative decision. Was there any step that they could have taken within the California either administrative process or court process? I know they filed the writ of mandamus and then they dismissed it. I guess it was one of them. Wilkinson, did you say? They refiled it in this court. Okay. Was there any available state process for them, available for them at that point where the commission said no, you can't get an appeal? No. So the writ of mandamus wasn't available to them because of Zuniga? The writ of, correct, the writ of mandate, if they filed a writ of mandate from the decision of the administrative body saying we do not have jurisdiction to give you a hearing, the result of that writ of mandate as a matter of state law would have been denied. Zuniga says they don't have jurisdiction. So is there any administrative body or judicial body that would have the ability to give them a post deprivation hearing? No. And so under California law they had reached the end at that point? Correct. Under California law a public employee is subject to a wrongful termination lawsuit. So that would be the only state court remedy outside of the administrative agencies. No California or Los Angeles County agency has jurisdiction over an appeal from a disciplinary action by a public employee, by any county employee. That's the Zuniga case? That's Zuniga, correct. That's only when they retire. The issue about the suspension when the felony's been filed, they get a hearing on that, but the hearing has a foregone conclusion of you lose and you never get the money back. The way that the commission has set up its rules is that all the these cases show that just because a felony is filed doesn't mean the employee actually engaged in the misconduct. But let me ask you one other question about Wilkinson and Sherriff. So they were out of state procedure. There was no further state procedure available. Let's assume for the moment that the state rule is no back pay during for the period you were suspended with felony charges filing. And that's the state rule. Even if that was an error, even if the post deprivation hearing was an error and they should have gotten post deprivation hearing, how are they harmed if in fact they're not entitled to any back pay and suspension? So just, I know that's one of your arguments, but let's just assume for the moment that they aren't entitled to that. Were they harmed by not having the post deprivation hearing? They were harmed by having the post deprivation hearing, even though I can't agree with your concept. Right, but just assume. But I can speak to, I understand what you're saying. In that situation, they also have a liberty interest. In addition to the property interest in the actual back pay, they also have a liberty interest in clearing their names. And by refusing to give them a hearing in which they can clear their names, they are harmed in that way as well. So they are harmed, there are two constitutional rights that are harmed, the property right and the liberty right. Okay, now I'm in the middle and I forgot what I was saying. So the, I believe that actually the case comes down to, as the court pointed out, whether there is some alternative means in the state system to allow these employees to contest the merits of their disciplinary action, and there is not. The fact that they retired also does not mean that they are completely out of the system. Retirements in the state of California, if you are disability retired, the law says that the employer can go back at any time and have you reevaluated. And if you are no longer disabled to the employer or the retirement board's discretion, then you lose your retirement. And those of having no retirement and no ability to get their job back. So retirement is not a complete separation from service. In this case, all four of these plaintiffs were separated from service by the conduct of the employer firing them. The two that retired only retired after the fact, after they were given a hearing, and in fact, after the Zuniga decision. So at the time that their the actual practice of the Civil Service Commission was to give employees who retired hearings on their disciplinary cases because of not only the monetary loss, but the liberty interest loss. So until Zuniga came down, the actual practice was those employees got hearings, even if they were disability retired. So no one can say that these employees chose to retire rather than have a hearing because at the time, and in fact, in Deputy Wilkinson's case, the attorney who took Zuniga up for the Sheriff's Department was the attorney for the Sheriff's Department in Wilkinson's case, and we started that hearing. They called witnesses before the Zuniga case came down. So the practice was that just because you were retired, you didn't automatically lose your right to a hearing. Zuniga changed that after these employees had already retired. So the issue is that the state law has effectively removed, eliminated, a federally required post deprivation hearing. And today we are in a political climate where every politician running for office now, from the governor to the dog catcher, is running on a platform of pension reform. And when we already have a law that says you can reassess the disability of a disabled peace officer who has been retired and put them back to work if you think they're not disabled anymore, this could clearly turn into a situation where these deputies are reassessed, found not disabled, and they have no job. This is not, it's not just a speculation. It's a very real possibility that this will happen. And what we have is the state just eliminating constitutional rights. Now the other two officers, I guess that's Debs and O'Donohue, they did get a favorable result. They were reinstated. And one of them, I don't remember which one, maybe O'Donohue, said, told the board to re-evaluate whether the decision to suspend him, correct? Correct. So they got all of the due process, the process to which they were due the post deprivation hearing. What was wrong with that? What was wrong with that is, as I said before, the hearing had a predetermined outcome. And O'Donohue is the best example of that. Sean O'Donohue was filed on for filing a false police report, arresting somebody for drug possession he knew didn't possess drugs. He went to trial on those criminal charges. I believe it was seven felony charges. But are you saying the commission couldn't have a rule that if you're suspended with felony charges pending, you're not entitled to back pay? I mean, Gilbert says, you know, just sort of musing, I guess, the Supreme Court, we think, however, that the government doesn't have to give an employee charged with a felony a paid leave at taxpayer expense. And if the services to the government are no longer useful once the felony charge has been filed, the Constitution doesn't require the government to bear the added expense of hiring a replacement while still paying him. Isn't that directly on point here? No, actually, that talks to the issue of whether they have to suspend them at the time that the felony is pending. And actually, in the, I believe it's the Mullen case, the one involving the bank officers, the court specifically said in that case that if the felony charges are found, they're found not guilty, then they're entitled to back pay. But that was required by statute. Here, your theory, as I understand it, is that there's a commission rule that we won't pay while there's felony charges pending. So there's no statute that says we have to pay, and your clients were deprived of the benefit of that statute. So I'm having trouble understanding how the Constitution requires the state to pay while they're suspended. Because they've, okay, first of all, the Civil Service rule, 1801, says, it provides for an appeal. 1801 specifically says, pursuant to or with regard to, I'm sorry, I can't think of the words off the top of my head, but it specifically talks about an appeal. With regard to the rights of appeal, the gives the employer the right to suspend without pay. Talks about a right to an appeal. The only thing that that appeal can go to is whether the suspension was properly imposed. That rule does not say, that rule 1801 does not say the employee is not entitled to back pay if the felony charges are not founded. All it really says is, you can suspend an employee for up to 30 days, except if there's a felony charge, then you can suspend them longer. All it talks about is duration of the suspension. It doesn't say anything about they're not entitled to back pay. If an employee who's suspended for 30 days files the same appeal, and is found not to have engaged in the misconduct, they get back pay. So there's nothing in that rule that changes it just because the suspension can be for 31, 35, or 365 days. It says it's subject to the same appeal. The same rights of appeal as the employee who gets suspended from one to 30 days. Those employees get back pay. There's nothing that says the employee that gets 31 days or 365 days doesn't get the right to back pay. So that would be my answer. Thank you. Okay. What is it you want? I want to go to trial. I want a trial. I want the dismissal to be reversed, and I want to be able to present evidence of the commission's past practice. The commission's longstanding practice, actually, until very recently, was also that deputies who were suspended while felonies were pending and the rest got back pay. So that has also been a longstanding interpretation of the commission's rules. They just recently changed both of these rules. So I want a trial. Under 1983? Correct. And what would the, okay, just, you know, in short, what would your argument be on a 1983 claim? My argument would be that... For each of these officers. Well, for all four of them, they were denied a post-deprivation hearing at a meaningful time in a meaningful manner. The commission has a rule that requires, that builds in a minimum of a year to two years of delay before anyone who has a criminal charge filed against them can ever even begin to effectively precluded the two who retired from having a hearing because it was a two-year delay. We could have completed that hearing before they retired, but for the commission's rule that required the delay. And the delay was not just for the period when the criminal case was pending, but also for the extra year that the department took to do the investigation. So the rules of the commission are directly responsible for precluding these employees from having any meaningful post-deprivation hearing, either the ones that retire or the ones who simply are suspended because felony charges are filed and then either dismissed or they're acquitted. So, if you had an opportunity to draft an order or an opinion in your favor, how would you structure it? Well, I would structure it to order the County of Los Angeles, the defendants in this case, to create a body that had jurisdiction over appeals. Oh, I mean, you're filing a 1983 claim. Correct. All right. So, you're arguing that your clients were deprived of a post-suspension hearings. Correct. Okay, and then your claim is for back pay and emotional distress and all that. Correct. I believe that we would also be entitled to injunctive relief to require the creation, or not. If the county wants to go on and not... And you're going to have a jury trial. Yes. What would you tell the jury? I would tell the jury that these were four wrongly accused deputy sheriffs. They were suspended simply because they were accused of something that they didn't do and that the Constitution requires that they get a hearing in order to clear their name from those charges and to be restored the benefits that they lost because of those false charges. And the department, the County of Los Angeles, has not provided that forum for them. So, your argument would be simply that they were entitled to a post-deprivation hearing, they didn't get it, and because of that they suffered certain loss of back pay and underwent a certain amount of humiliation, mental distress and all that. Correct. And if the county after that... Do you think that you have to go into all the complexities of what the county does and doesn't do and how they change their rules and this and that? I think that the change in the rules simply goes to the fact that none of these employees have waived anything. None of these employees have acted contrary to their belief that not only are they entitled to, but there is available a proper post-deprivation hearing available from the Civil Service Commission. The commission's shift of the rules after these employees were already down the road only goes to the issue of they haven't waived their rights to a hearing. Well, I'm sort of trying to figure out if there's a... You know, what the handle is here and how to boil this all down without getting mired in all these Civil Service... And that's basically what you want. Correct. The very, very simple answer is they didn't get a hearing and the Constitution requires it. That's the simplest answer here. And, you know, whether the remedy is damages or injunction, you know, it's both in my opinion, but it clearly is damages. If the county continues, decides that they would rather pay damages than provide hearings, that's fine. The Constitution requires the hearing. If they want to continue to violate their rights that way, then they just have to pay damages. You're looking for damages in any event because you want them to get the back pay and you want them to be compensated for all the suffering they went through while this was going on. Correct. All right. And I've long exceeded my time. Thank you very much. Okay. Well, were they... Go ahead. Good morning, Your Honors. May it please the Court. My name is Connie Almond. I'm here representing the appellees. Your Honor, do you have a question? Were they entitled to post-suspension hearings? Yes, Your Honor, they were entitled to post-suspension hearings. Did they get post-suspension hearings? Plaintiffs Debs and O'Donohue, as the District Court found on page 81 of the record, did receive meaningful post-deprivation hearings. As the District Court noted, they received 10-day hearings where the hearing officer did consider whether or not they engaged in the underlying misconduct. The hearing officers in each of those cases did recommend that their suspensions be overturned. However, the Civil Service Commission, in their ability and their authority, made the discretionary decision to maintain and sustain the suspension. To answer your question that you had for my colleague earlier, Judge Patterson, there is a simpler way to pare this down. Yeah. Plaintiffs Wilkinson and Scheer, who were the retirees... What'd you say? Plaintiffs Wilkinson and Scheer, who retired before they received Civil Service Commission hearings, do, in fact, have a remedy under state law. What is that? Under California Code of Civil Procedures, Section 1085, they could have filed writ petitions, which would have essentially asked the county to perform their ministerial duty to provide them hearings. Zuniga dealt with California Code of Civil Procedures, Section 1094.5, which asks the superior court to review an inferior tribunal's decision. And that's distinct. So what case or statute or regulation tells us that under 1085, Wilkinson and Scheer could have appealed their inability to get a post-approbation hearing or could have allowed them to get a hearing on whether they were correctly suspended? Certainly, Your Honor. The statute itself, CCP 1085 itself, allows for a writ petition to ask the county to perform its ministerial duty to provide a hearing. So the statute itself does. Along with Hunter v. L.A. County Civil Service Commission, which was a California appellate case that appellees cited in their brief, Hunter came down after Zuniga, and it was the exact same sort of factual scenario where a retiree of the L.A. County, a retiree sought a commission hearing and filed a 1085 writ in a 1094.5 writ asking the Civil Service Commission, not the county, but the Civil Service Commission, to provide them a hearing. Relying on Zuniga and the county's charter, the court in Hunter said that the Civil Service Commission does not have jurisdiction over retirees, and the Superior Court cannot change the fact that the Civil Service Commission does not have jurisdiction over retirees. But in that opinion, the court specifically said that the retirees could seek relief if they filed a CCP 1085 writ petition with the county, not with the commission, but with the county, because they're separate and independent bodies. So in this case, as Judge Pregerson indicated, if we were going to provide the plaintiffs Wilkinson and Scheer with the remedy that they really are seeking, which is a hearing, then they need to file a 1085 writ and ask the Superior Court to issue a writ, which will provide them with an actual hearing.  Now, there's no automatic hearing. There's no automatic post-deprivation hearing. A writ has to be brought. Is that correct? Yes, Your Honor. Because in your brief, you cited the case of Miller v. County of Santa Cruz. But as I read that case, that case relied on the finding that the commission did have adequate procedural safeguards in place. Yes, Your Honor. Miller v. County of Santa Cruz would apply for plaintiffs Debs and O'Donohue, who did receive Civil Service Commission hearings, did receive meaningful hearings, and they simply didn't like the result that the Civil Service Commission gave them. And that's what a 1094.5 writ petition would provide them. But because they did not file 1094.5 writ petitions in a timely manner with the state court, that adverse decision from the Civil Service Commission is binding on both Debs and O'Donohue. And that would bar Debs and O'Donohue's current Section 1983 action because it's the same primary writ and collateral estoppel applies. As was held in Miller v. County of Santa Cruz and Eilerich v. Remus in 1988 and Gale v. County of Marin, this Court has numerously held and repeatedly held that the collateral estoppel applies if a public employee receives an adverse administrative decision and doesn't seek judicial review to have that overturned. So that adverse decision bars Debs and O'Donohue's current Section 1983 action. Now, this is separate and distinct from an exhaustion requirement. You're saying because they had their hearing, they had a due process hearing. That's why they're barred. Yes, Your Honor. They had the due process hearing, and the Civil Service Commission ultimately found that those suspensions were not improperly imposed. And that decision, that the suspensions were proper, collaterally stops the current Section 1983 action claiming that the suspensions were improper. Well, okay. So they were not improperly imposed. Was that because they were charged with a felony? They were not improperly imposed because they were provided full, meaningful hearings post-deprivation, and the Civil Service Commission decided that the suspensions were properly imposed. It was the Civil Service Commission's discretionary decision to decide that they were properly imposed because the felonies were in place at the time the suspensions took place. So that's what I just asked you. The felonies were in place, so to speak, and that's why the suspensions were properly imposed. That was one of the bases that was alleged in the complaint, Your Honor. I'm not certain as to whether or not the Civil Service Commission would have sustained their decision for other grounds as well. Well, what about the back pay? The fact that the suspensions were properly sustained and properly imposed means that they were not entitled to back pay during that period. Okay, and if they were acquitted, then what happened? Well, some of them were, in fact, acquitted. Yeah. However, there is a different standard for criminal proceedings versus an administrative proceeding, and I can't speculate as to why the Civil Service Commission decided that it was a proper decision, but that was the decision that the Civil Service Commission reached. If appellants didn't agree with that decision and they didn't believe it was supported by the evidence, then that's exactly what a 1094.5 writ petition is provided to remedy. So opposing counsel suggests that, as I understand it, there's a property interest in getting back pay if it turns out the suspension was based on wrongful actions that, in fact, they didn't take, and that there's nothing in the California rules or the Commission's rules that would suggest that merely the fact that you were suspended with felony charges pending, if you didn't, in fact, commit the felony or if it were acquitted, that would allow the county to withhold back pay under those circumstances. And therefore, this rule or this policy that the county has deprives them of a property right in their back pay. What's your response to that? Your Honor, well, first of all, I would not concede that there is, in fact, a policy of that because the Commission has already ruled differently in this case. With Plaintiff Debs, the Commission sustained the suspension, but as you mentioned earlier with Petitioner or, excuse me, Appellant O'Donohue, the Civil Service Commission remanded, for lack of a better word, the case back to the Sheriff's Department to determine whether or not they still want to maintain the suspension. So I would not concede that there is, in fact, a policy that the Civil Service Commission always sustains suspensions based on the felony charges alone without a showing of the underlying misconduct. But that being said, I would not say, although there is no explicit black and white rule saying that suspensions can be maintained on felony charges alone, there's also no rule saying to the contrary. As you mentioned in Gilbert v. Homar, the Supreme Court has recognized that taxpayers should not have to pay for peace officers to be on suspensions while they have felony charges pending against them, and they cannot perform their public service to the community. So are you saying that the Sheriff's deputies don't have an expectancy of getting back pay while they're on suspension with felony charges pending? Yes, Your Honor. There's nothing in the rules or nothing in the regulations that would give them that expectancy? Correct, Your Honor.  Yes, Your Honor. And they base that on the different differences in the burdens of persuasion, the reasonable doubt versus clear and convincing or whatever it is. Sure. There's the beyond the reasonable doubt standard for criminal proceedings, whereas administrative disciplinary proceedings are a preponderance of the evidence, a far lower standard. However, at the end of the day, Your Honor, these felony charges were brought by the district attorney, a completely separate and independent body from the L.A. County Sheriff's Department. So the L.A. County Sheriff's Department could not put these four deputies on the street while felony charges brought by a separate entity were pending because these are peace officers, and by definition, if they have arguably engaged in felonies, we can't have them out patrolling the streets. So whether those charges were later dismissed or a jury acquitted these individuals, for that period that they were suspended, they could not serve their duty to the community, and taxpayers should not be responsible for paying that. Okay, so if they're acquitted, and you're suggesting that a party that they have a claim they need to bring an action against is the district attorney's office? No, Your Honor. It's not uncommon for the district attorney to bring felony charges against an individual and then for those charges to be later dismissed for a variety of reasons. Perhaps the individual didn't do it, but perhaps the district attorney simply thinks that he or she does not have sufficient evidence. Well, sometimes 1893 or 1983 claims are brought against district attorneys. Certainly, if there's malicious prosecution or something along those lines. But before we even get to that point, in this situation, if Debs and O'Donohue, who did receive commission hearings, did not agree that their suspension should be based solely on the felonies, they had a duty, if they wanted to overturn that, to file a writ petition. And a Section 1983 action cannot be brought because they're barred by the collateral estoppel. So before we even get to the merits of their claim as to whether or not the county can impose a suspension based on felony counts alone, they needed to seek relief from a superior court, which they did not do in this case. Well, is the court ruled on collateral estoppel that you just mentioned? Yes. In Miller v. County of Santa Cruz, Gill v. County of Monroe. I mean, in this case. No, Your Honor, because the appellants did not file timely writ petitions. Did not file what? Did not file timely writ petitions. So they did not exhaust their judicial remedies. So the superior court did not rule on that issue, which is what makes the Civil Service Commission's decision final. Well, what tells you you've got to follow the state remedies before you can bring a 1983 claim? Miller v. County of Santa Cruz, Your Honor. In that case, the court specifically addressed it's not a matter of an exhaustion of remedies. At the point of the suspension, the officers had the option of either filing a Section 1983 claim or filing an administrative appeal. They chose to file the administrative appeal. Once they chose the administrative track, they were under an obligation to completely pursue that track. Otherwise, the administrative decision, if adverse to them, would bar their Section 1983 case. In Miller v. I read Miller, though, was based on the fact that the commission had adequate procedural safeguards in place. Yes, Your Honor. Here you're saying that you have to get a writ before you get a procedural safeguard? No, absolutely not. L.A. County has the same procedural safeguards as the County of Santa Cruz, L.A. County Civil Service Commission. Here, the appellants received pre-deprivation hearings, which wasn't even required under Gilbert v. Homar. They were suspended, post-deprivation hearings in front of a hearing officer for 10 days of hearing, and then they received the Civil Service Commission heard their case as well and gave them an adverse decision. Those are sufficient procedural safeguards to warrant collateral estoppel. It's the same procedure as was followed in County of Santa Cruz. However, the County of Santa Cruz noted on page 1034 of the opinion, footnote 3, that the 1983 action was not they could have filed the 1983 action first, but once they filed the administrative appeal, they had to pursue that route. They couldn't simply jump ship and cross over to 1983 and ignore the adverse decision. So you're saying that the administrative proceedings here met what they refer to in Miller as the Utah construction standards, right? And then we said that if an employee elects an administrative forum, then the determination is preclusive unless he overturns it via writ of mandamus. So is this the same situation here? Exactly the same, Your Honor. Okay, thank you. If Your Honors have no further questions, appellees will submit. Thank you very much. First of all, with regard to the writ of mandate issue, the writs of mandate were filed in state court, but then they were refiled in the trial court. If there is an issue of whether they have to exhaust that remedy, they can do that in this case. It's all about the same issue. Is it true that Hunter says that CCP Section 1085 is the correct process for, or is an available process for addressing the administrative decision in this case? No. So 1085, they're foreclosed from filing the, the public counsel said they could file a writ petition to, in this case. The description of the Hunter case is completely wrong. Hunter came down before Zoniga. Hunter dealt with the issue of whether or not the Civil Service Commission had jurisdiction over hearings required by state statute, the Peace Officer's Bill of Rights 3300 of the government code. That code says that employees, peace officer employees of the state of California who are disciplined, who are subject to adverse action, including denial of a promotion, and the Hunter plaintiffs were denied promotions. They never retired. They are, in fact, still employees of the county today. They were denied promotion. They tried to get an appeal from the Civil Service Commission on the denial of the promotion. The court said that's not within the Civil Service Commission's jurisdiction. The Peace Officer's Bill of Rights specifically says that the employer is required to create that procedure. That is required by the state law, by Section 3304. What the court in Hunter said was if the commission or the county was not complying with the state law, then they were required, then the officers were required to file a 1085 writ to require the county to engage in that process, to do their ministerial duty required by the statute of creating that process. This case, the process is required by the Constitution. The constitutional definition of due process is defined by federal law. There is no case that stands for the proposition that a plaintiff has to go to state court to find the answer to what the federal law requires. All that the plaintiffs are saying or all that the department is saying here is we could have gone to state court instead of federal court, but this is a federal court issue. It's a matter of federal law. A federal court is the proper place to determine that. What they want us to do is go to state court and have the state court say as a matter of federal constitutional law, they do or do not, these employees do or do not have the right to oppose deprivation hearing. Is it true the Miller case did not involve a constitutional challenge then? That's correct. It did not. There was not a constitutional challenge to the procedure. Well, Miller was a 1983 claim, right? I'm confused. Right. So there must have been a constitutional. Well, my recollection of Miller was that it wasn't the procedure that was at issue in Miller because they had a hearing. In our case, two of them had no hearing. The two that had a hearing had a hearing with a foregone conclusion, which is no hearing at all. Under federal law, it has to be a meaningful hearing. Under federal law, it is not due process to make an employee go through a hearing, put on evidence, prove their case, and then say, too bad to lose anyway. And that's what the commission's rules do. They say in an unwritten rule, the written rule, which is set forth in the complaint, says, subject to such appeal rights as provided in this rule, an employee may be suspended up to and including 30 days, where the charge upon which the suspension is the subject of a criminal complaint, the suspension may exceed 30 calendar days. That's Rule 1801.  If that appeal is to have any meaning, it is for the purpose of obtaining back pay if the purpose, if the charge on which the suspension is based is false, is without merit, is not factually correct. It's the same appeal right that the employee who is suspended between 1 and 30 days gets. Those employees get back pay as a result of an erroneous decision. Even the Gilbert v. Homer case, which said there's no right to a pre-deprivation hearing when there's a filing, a criminal filing, they based that on the fact that somebody had made a determination that there was some evidence that it was not an incorrect charge against the employee. Now, when we talk about burden of proof, the burden of proof for a criminal conviction is beyond reasonable doubt. But for a criminal filing, it's no more than a reasonable suspicion. To support discipline against an employee, it's a preponderance of evidence, which is much more than a reasonable doubt, which allows the initial suspension. So reasonable suspicion. Reasonable suspicion. You said reasonable doubt. I'm sorry. Can I ask you a question? Yes, sir. Is what you're saying this, that your people were suspended? The pre-deprivation hearing, the pre-deprivation hearing was really a sham because all they really got was they were told that there was going to be a complaint filed, and they could write a letter. And then you're saying that the post-deprivation hearing that they got was insufficient. And then is it your position that we don't need to look at all these state procedural matters and the writs of mandate and all these other rules? There's no requirement that that be done in a 1983 action, just like there's no requirement in a 1983 action if it involves a claim against the city or the county, against officers for false arrest, false imprisonment, or whatever. You're not required to file that claim form that you have to file within a certain period of time, 60 days or 90 days, whatever it is, with the city or the county. That's not a prerequisite to filing a 1983 case. We decided that back in the 70s, I think. So is that your position? It is my position. Well, then, why don't you just say that, then? Why do you have to go through all this other stuff? I apologize, Your Honor. No, no. I mean, I learned a lot. You know, this is really exciting stuff. But, I mean, all you're saying is that you file a 1983 action, all right? And your clients have been deprived. We've gone through that. And you're not required to deal with all those labyrinths of state rules that keep changing and all the rest of it. You're just going right on the federal constitutional right to due process. That's it, right? Correct. That's correct. So why don't you just, when you file your complaint, why don't you just have about a two-page complaint? Your Honor, I wish I had written a two-page complaint instead of trying to put all the facts into it. And last time I wrote a two-page complaint, I was told it didn't have enough facts in it. So I was just trying to explain how we got to the situation so that the court would understand, knowing that there would be a motion to dismiss. I had to have some facts to support our position. That's why. But the one thing that- Well, that's not a bad idea. I've seen some wonderful complaints in complex areas set up. The law and the facts and the combination of a nice opening statement and a closing argument did it in about ten pages. The one other thing that I just would like to mention is that about the state court remedies generally in a due process case, if there is an alternative state court remedy, then the federal courts have said that that provides due process. The 1085 writ does not provide any way to review the merits of the suspensions. There is no alternative state court proceeding that these employees could use to review the merits of these suspensions. That's why there's a failure of due process. The 1085 writ simply would have said either there was or was not a federal constitutional violation. We aren't required to exhaust that in state court. We are absolutely allowed to bring that directly to a federal court. Okay. Were those arguments on that made to Judge Klausner? Yes, Your Honor. Yes, that was argued in the trial court. Thank you very much for your time. All right. Thank you. Okay. Thank you very much. And you're both very, very good lawyers.
judges: Pregerson, Nelson D. W., Ikuta